USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH SULLIVAN, in his fiduciary capacity as Trustee of the STONE SETTERS LOCAL 84 PENSION FUND, ANNUITY FUND, VACATION FUND, APPRENTICE FUND, and INDUSTRY PROMOTION FUND and as a Trustee and Administrator of the BRICKLAYERS LOCAL NO. 1 WELFARE AND INSURANCE FUND and as President of the BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 1, NEW YORK, B.A.C.I.U., AFL-CIO,

                      Plaintiffs,

-against-

PRESTIGE STONE & PAVERS CORP.,

                      Defendant.

16cv3348 (AT) (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

The above-captioned action, brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, has been referred to this Court for general pretrial supervision and to report and recommend on dispositive motions. (*See* Dkt. 77.) Currently before this Court for a report and recommendation is a motion (Dkt. 71) filed by plaintiff Jeremiah Sullivan ("Sullivan" or "Plaintiff"), as Trustee of the Stone Setters Local 84 Pension Fund, Annuity Fund, Vacation Fund, Apprentice Fund, and Industry Promotion Fund (the "Stone Setters Funds"), as Trustee and Administrator of the Bricklayers Local No. 1 Welfare and Insurance Fund (the "Bricklayers Fund") (collectively, with the Stone Setters Funds, the "Funds"), and as President of the Bricklayers and Allied Craftworkers Local Union No. 1, New York, B.A.C.I.U., AFL-CIO (the "Union"), seeking summary judgment against defendant Prestige Stone & Pavers Corp. ("Defendant"), on Plaintiff's claims, made in his fiduciary

capacity, that, by failing to make timely contributions to the Funds and payments of dues on behalf of its Union workers, as required by certain collective bargaining agreements, Defendant now owes the Funds and/or the Union certain amounts as damages, as well as attorneys' fees and litigation costs.

This Court notes that Defendant has not disputed Plaintiff's proposed damages calculations, challenging only the requested amount of attorneys' fees. (*See generally* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, dated July 12, 2019 (Dkt. 81).) Nonetheless, on summary judgment, this Court has an obligation to confirm that the requested damages are supported by the record, and, upon its review of Plaintiff's submissions, this Court has had difficulty understanding the bases for certain of Plaintiff's damages calculations. For this reason, this Court held a telephone conference with counsel for the parties on December 17, 2019, at which it asked Plaintiff's counsel to clarify certain charts and figures submitted with Plaintiff's motion papers. In particular, this Court asked for an explanation of the "STONESETTER NON-ERISA CONTRIBUTIONS" shown in a spreadsheet represented to summarize amounts found to be due and owing by Defendant following a second revised audit of Defendant's fund contributions. (*See* Declaration of Carol G. Dell, Esq. in Support of Plaintiffs' Motion for Summary Judgment, dated June 4, 2019 ("5/4/19 Dell Decl.") (Dkt. 75), Ex. BB (Dkt. 75-17).)

During its conference with counsel, this Court understood Plaintiff's counsel to state that the "non-ERISA" contributions shown in the spreadsheet referenced by this Court were contributions to a fund (identified by counsel as the "LMRC" fund) that was *not* an ERISA-qualified fund, and that, for that reason, Plaintiff would be prepared to withdraw the request it made in its summary judgment motion for liquidated damages with respect to Defendant's

2

failure to make timely contributions, as required, to that particular fund. Plaintiff's counsel did state, however, that, under the relevant collective bargaining agreements, Plaintiff is still seeking interest on any delinquent contributions to that fund. Further, in order to demonstrate that the calculations shown in the particular spreadsheet referenced by this Court relate only to the LMRC fund, counsel directed this Court to another submitted exhibit – referred to by counsel as "Rate Sheets" – that reflect the "packages" of contributions that Defendant was required to remit to various funds on behalf of Union workers. (Affidavit of Jeremiah Sullivan in Support of Plaintiffs' Motion for Summary Judgment, sworn to June 4, 2019 ("Sullivan Decl) (Dkt. 73), Ex. E (Dkt. 73-5).)

This Court has now gone back and reviewed the Rate Sheets, and finds that they raise additional questions. In particular, this Court is unable to confirm from those sheets whether the delinquent contributions reflected in counsel's submitted spreadsheet (5/4/19 Dell Decl., Ex. BB) all relate to the Funds *on whose behalf Plaintiff has brought this action*. Indeed, this Court cannot confirm that the so-called LMRC fund is implicated in this action at all, as it does not appear to be identified in the caption of the Complaint. For that matter, this Court is uncertain as to whether the Rate Sheets (and, by extension, counsel's spreadsheet) may reflect contributions to other funds not named in this action. For example, the Rate Sheets contain references to an "International Pension" fund (or "IU Pension Fund") (*see* Sullivan Decl, Ex. E), which may or may not be part of the "Pension Fund" named in the Complaint. The Rate Sheets also refer to a "Legal Defense" fund (variously referred to, in those sheets, as the "Defense/Organizing Fund," or the "Defense Fund") (*see id.*), without any explanation as to whether this is actually a separate, stand-alone fund – also not referenced in the Complaint – or rather a type of assessment, potentially charged by the Union, together with dues. For yet another example, the

3

Rate Sheets also refer to contributions for something identified only as "JATC," with no explanation as to the meaning of that acronym.

Given the abbreviated nature of the submitted documents, Plaintiff is directed to supplement his summary judgment motion by submitting an additional affidavit or declaration by a person with knowledge, clarifying whether all of the interest and/or liquidated damages claimed as damages in this action relate to interest and/or liquidated damages on delinquent contributions to the Funds (or the Union) on whose behalf Plaintiff has sued in this action. To the extent any such interest and/or liquidated damages relates to any funds *not named in the caption of the Complaint*, Plaintiff is directed to revise his damages calculations to eliminate such damages. Further, if any fund named in the Complaint is not an ERISA-qualified fund, then Plaintiff's supplemental submission should explain this, and should clarify (with revised calculations as necessary) whether Plaintiff is seeking contractual interest, as well as contractual liquidated damages, with respect to previously delinquent contributions to such fund.

Plaintiff may have until January 3, 2020 to make this supplemental submission. If Defendant wishes to respond, it should do so by January 10, 2020.

Dated: New York, New York
       December 19, 2019

SO ORDERED

*[signature]*
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All Counsel (via ECF)

4