USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/30/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH SULLIVAN, in his fiduciary capacity as a Trustee of the STONE SETTERS LOCAL 84 PENSION FUND, ANNUITY FUND, VACATION FUND, APPRENTICE FUND and INDUSTRY PROMOTION FUND and as a Trustee and Administrator of the BRICKLAYERS LOCAL NO. 1 WELFARE AND INSURANCE FUND and as President of the BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 1, NEW YORK, B.A.C.I.U., AFL-CIO,

Plaintiffs,

-against-

PRESTIGE STONE & PAVERS CORP.,

Defendant.

16 Civ. 3348 (AT) (DCF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff, Jeremiah Sullivan, in his fiduciary capacity as Trustee of the Stone Setters Local 84 Pension Fund, Annuity Fund, Vacation Fund, Apprentice Fund, and Industry Promotion Fund, and as a Trustee and Administrator of the Bricklayers Local No. 1 Welfare and Insurance Fund (collectively, the "Funds"), and as President of the Bricklayers and Allied Craftworkers Local Union No. 1, New York, B.A.C.I.U., AFL-CIO (the "Union"), brings suit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Compl., ECF No. 1. On June 4, 2019, Plaintiff moved for summary judgment against Defendant, Prestige Stone & Pavers Corp., on claims that, by failing to make timely contributions to the Funds and dues payments on behalf of its Union workers, as required by certain collective bargaining agreements (the "CBAs"), Defendant owes the Funds and the Union monetary damages, attorney's fees, and litigation costs. *See* ECF No. 71. The Court referred the motion

for summary judgment to the Honorable Debra C. Freeman. ECF No. 77.

Now before the Court is Judge Freeman's Report and Recommendation (the "R&R"), which recommends granting Plaintiff's motion for summary judgment. ECF No. 90. Defendant filed timely objections to the R&R. *See* ECF No. 92; Def. Objs., ECF No. 94. For the reasons stated below, Defendant's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

## BACKGROUND[1]

The Union is a "labor organization" within the meaning of 29 U.S.C. § 185 that represents employees in an "industry affecting commerce," as defined in 29 U.S.C. §§ 142(1) and 1002(12). R&R at 2–3. Defendant, a corporation involved in the installation of stone, decorative pavers, concrete, site work, and masonry, employs Union members and is a party to CBAs requiring it to make certain contributions to the Funds, and pay dues and assessments to the Union on behalf of its Union workers. *Id.* at 3. As Trustee and a fiduciary of the Funds under ERISA, Plaintiff is entitled to enforce Defendant's obligation under the CBAs. *Id.*

After Defendant failed to provide Plaintiff with the records needed to conduct a complete audit, Plaintiff filed suit under ERISA and the LMRA on May 5, 2016, alleging *inter alia*, that (1) Defendant had failed to comply with its obligations to contribute to the Funds, pay dues, and make its books and records available for an audit, and (2) that another entity, Professional Pavers Corp. ("Professional"), was an alter ego of Defendant, and hence was liable for the same violations of the CBAs. *See generally* Compl. On July 12, 2016, Defendant and Professional jointly answered the complaint, denying Plaintiff's allegations. *See* ECF No. 16.

On August 24, 2017, Plaintiff settled certain claims against Professional that Plaintiff had

---

[1] The Court presumes familiarity with the facts and procedural history, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 2–11.

2

asserted in a separate civil action, and, as part of that settlement, Plaintiff also resolved the alter-ego claims against Professional in this case. R&R at 8. Thereafter, Plaintiff only had claims against Defendant.

On June 4, 2019, Plaintiff filed a motion for summary judgment against Defendant, seeking damages, attorney's fees, and costs. R&R at 9. Specifically, Plaintiff seeks judgment in the amount of $157,385.72, representing:

- $24,805.38 in damages, comprised of interest on the contributions and dues in the amount of $10,678.55, liquidated damages in the amount of $9,846.83, and audit costs in the amount of $4,280; and

- $132,580.34 in attorney's fees and litigation costs, comprised of $129,077.75 in fees and $3,502.59 in costs.

*See id.*

Defendant does not contest liability and damages, but argues that Plaintiff's request for attorney's fees is excessive. *See* Def. Mem., ECF No. 81.

## DISCUSSION

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y.

June 20, 2014). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks and citation omitted); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II. Defendant's Objection

The R&R recommends that the Court grant Plaintiff's motion for summary judgment with regard to Defendant's liability, and award Plaintiff $145,881.76, representing:

- $23,248.42, representing costs related to the audit, liquidated damages, and interest on the delinquent Fund contributions and dues running up until the date when the principal was fully repaid;
- $119,130.75 in attorney's fees; and
- $3,502.59 in litigation costs.

R&R at 33–34.

Defendant objects only to the portion of the R&R recommending that the Court grant

$119,130.75 in attorney's fees. For the reasons below, the objection is OVERRULED.

A. Standard for Attorney's Fees

Both the CBAs and ERISA entitle Plaintiff to attorney's fees and litigation costs, *see* R&R at 24 (citing CBAs; 29 U.S.C. § 1132(g)(2)(D) (providing for prevailing plaintiff to recover "reasonable attorney['s] fees and costs of the action")), and Defendant "cannot escape its statutory liability for . . . attorney fees and costs simply by [having] pa[id] delinquent contributions before entry of judgment." *Iron Workers Dist. Council of Western New York v. Hudson Steel Fabricators & Erectors*, 68 F.3d 1502, 1506 (2d Cir. 1995).

In ERISA actions, courts use the lodestar approach to determine reasonable attorney's fees. *See, e.g.*, *Trustees of Drywall Tapers and Pointers of Greater New York Local Union 1974 Benefit Funds v. Cite C. Corp.*, No. 17 Civ. 9304, 2018 WL 8545834, at *2 (S.D.N.Y. Nov. 2, 2018). This inquiry requires a Court to determine both the "appropriate hourly rate," as well as "the number of hours reasonably spent by an attorney." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Local 15, 15A, 15C, 15D, AFL-CIO, ex rel. Callahan v. New York Recycling, Inc.*, No. 06 Civ. 0781, 2007 WL 2591222, at *3 (S.D.N.Y. Sept. 7, 2007). The final determination of the appropriate fee amount is, however, left to the sound discretion of the Court. *See Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Local 15, 15A, 15C & 15D, AFL-CIO v. Eastport Excavation & Utilities Inc.*, 3 F. Supp. 3d 204, 218 (S.D.N.Y. 2014) (noting that, where an attorney's fee award to a prevailing fund "is mandatory, the amount of any such award rests within the Court's discretion" (internal quotation marks and citation omitted)).

B. Application

Defendant argues that the attorney's fees amount recommended includes fees charged for work prosecuting Plaintiff's failed alter-ego claim against Professional. Def. Objs. at 5. Defendant contends that because Plaintiff separately settled with Professional, the recommendation amounts to a double recovery. *Id.*

Defendant's objections are, however, restatements of previously made arguments. *Compare* Def. Mem. at 5–14 (contending that Plaintiff impermissibly requests attorney's fees attributable to claims against Professional, and that if summary judgment is granted, the fees amount should be dramatically reduced for reasonableness), *with* Def. Objs. at 6–12 (arguing that Plaintiff's attorney's fees should be reduced to prevent Defendant from footing the bill for work done against Professional, and to reflect a reasonable fee recovery). Because Defendant "simply reiterates [its] original arguments," the Court reviews the objection for clear error. *Wallace*, 2014 WL 2854631, at *1. The Court finds none.

First, in making her recommendation of the fee amount, Judge Freeman accounts for the time Plaintiff spent litigating and settling claims against Professional. R&R at 27–30. Because Plaintiff's billing records contained time entries that appeared to relate exclusively to the claims asserted against Professional, Judge Freeman recommends a percentage reduction of Plaintiff's fees to prevent double recovery. *Id.* at 29. Specifically, the R&R recommends a 50-percent reduction of the fees accrued in July 2017, and a 100-percent reduction of the fees accrued in August 2017, representing a total reduction of fees sought in the amount of $9,922.50, given that about half of the total time Plaintiff billed in July 2017 was on matters "related to the settlement with Professional," and "substantially all" of the total time billed in August 2017 was related to that settlement. R&R at 29–30.

6

Second, Judge Freeman observes that whatever amount of time before or after July and August 2017 that Plaintiff billed for work related to pursuing the alter-ego claim against Professional, as well as Plaintiff's settlement with Professional, was "for relatively small amounts of time." *Id.* at 30 (citation omitted). Instead, the time entries that "appear to relate solely to the alter-ego claims or the settlement . . . are few in number." *Id.* Defendant's objection that additional billing entries outside of July and August allude to the alter-ego claim against Professional, *see* Def. Objs. 6–10, attempts to relitigate the record already reviewed by Judge Freeman, who also presided over the very discovery conferences that Defendant argues the R&R overlooked, *see id.*

The Court finds no clear error with these findings. The R&R's proposed reduction of Plaintiff's attorney's fees is reasonable, and the final attorney's fee amount is within the Court's discretion to award. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) ("The district court retains discretion to determine, under all the circumstances, what constitutes a reasonable fee." (internal quotation marks and citation omitted)); *Severstal Wheeling, Inc. v. WPN Corp.*, No. 10 Civ. 954, 2016 WL 1611501, at *4 (S.D.N.Y. Apr. 21, 2016) (applying percentage reduction to attorney's fees in ERISA case to account for "inherent inefficiencies and redundancies" in billing records, even though attorney rates were reasonable); *Rhodes v. Davis*, No. 08 Civ. 9681, 2015 WL 1413413, at *3 (S.D.N.Y. Mar. 23, 2015), *aff'd*, 628 F. App'x 787 (2d Cir. 2015) (reducing attorney's fees by a percentage where plaintiff could seek fees only with respect to certain claims, but did not "provide a thorough and accurate account of the number of hours to be excluded").

Accordingly, Defendant's objections are OVERRULED.

**CONCLUSION**

The Court has reviewed *de novo* those portions of the R&R to which Defendant properly objects and has reviewed the remainder of the R&R for clear error.[2] For the reasons stated above, the Court ADOPTS the R&R in its entirety.

Accordingly, Plaintiff's motion for summary judgment is GRANTED, and Plaintiff is awarded $145,881.76, representing:

- $23,248.42, representing costs related to the audit, liquidated damages, and interest on the delinquent Fund contributions and dues running up until the date when the principal was fully repaid;
- $119,130.75 in attorney's fees; and
- $3,502.59 in litigation costs.

The Clerk of Court is directed to terminate the motion at ECF No. 71 and close this case.

SO ORDERED.

Dated: March 30, 2020
       New York, New York

                                          ANALISA TORRES
                                      United States District Judge

---

[2] To the extent not discussed above, the Court finds the unchallenged portions of the R&R to be free of clear error.